UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KANG-SHEN CHEN,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS MAUK, et al.,<br><br>        Defendants.<br>_____ | Case No. SACV 12-1066 R (AJW)<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

   Plaintiff, proceeding pro se, paid the filing fee and filed this civil rights complaint on June 29, 2012. A summons was issued on that date. Plaintiff had 120 days – or October 27, 2012 – within which to effect service of process. See Fed. R. Civ. P. 4(m). Plaintiff failed to file a proof of service as to any defendant by that date, and he did not request an extension of time in which to do so. On November 15, 2012, the court issued an order directing plaintiff to show cause why this action should not be dismissed based upon his failure to comply with Fed. R. Civ. P. 4(m) and failure to prosecute with diligence. Plaintiff did not file a response to the order to show cause.

   Rule 4(m) of the Federal Rules ov Civil Procedure authorizes dismissal of an action without prejudice where the plaintiff fails to

serve the summons and complaint within 120 days after the filing of the complaint and does not show good cause for the failure. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007); Hason v. Medical Bd. of Calif., 279 F.3d 1167, 1174 (9th Cir. 2002), cert. dismissed, 538 U.S. 958 (2003); see also Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)...."). The Court also has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b)(authorizing involuntary dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court"); Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962) (discussing court's power to dismiss an action with prejudice based upon a failure to prosecute).

Where, as here, a defendant is not served within 120 days after the complaint is filed, the district court "must dismiss the action without prejudice" or order that service be made within a specified time. If the plaintiff shows good cause for the failure to effect service, "the court must extend the time for service ...." Fed. R. Civ. P. 4(m). Good cause to avoid dismissal under Rule 4(m) for failing to serve a defendant within 120 days after the complaint is filed "may be demonstrated by establishing, at minimum, excusable neglect. In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" Lemoge v. United States, 587 F.3d 1188, 1198 & n.3 (9th Cir. 2009) (citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001), and quoting Boudette v. Barnette, 923

1  F.2d 754, 756 (9th Cir. 1991)).[1]

2      Plaintiff was advised of his obligation to effect timely service of
3  the summons and complaint on defendants or face dismissal of his
4  complaint. Despite being provided an opportunity to do so, plaintiff
5  has not filed proof of service of the summons and complaint on any
6  defendant, nor has he shown cause for his failure to do so.
7  Accordingly, this action is dismissed without prejudice.

9  **IT IS SO ORDERED.**

11 DATED:   Dec. 5, 2012

                                    Manuel L. Real
                                    United States District Judge

---

[1] The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992), abrogated on other grounds by Estate of Ford v. Ramirez, 301 F.3d 1043, 1050 (9th Cir. 2002); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987) (holding that the plaintiff's counsel's ignorance of Rule 4 was not good cause).

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **KANG-SHEN CHEN,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **THOMAS MAUK, et al.,** ) <br> ) <br> Defendants. ) <br> ──────────────────────────── ) | Case No. SACV 12-1066 R (AJW) <br><br> **JUDGMENT** |

It is hereby adjudged that the action is dismissed without prejudice.

DATED: _____

                                                                       _____
                                                                       Manuel L. Real
                                                                       United States District Judge